# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| BRITTANY CAUSEY, SHAWN SMITH, LESLIE ALMOND JR., SHAINNA BEASLEY, VICTORIA BELLAMY, HARRY CAVE, AMBER JAMES, CAROLINE JONES, ERICA KELLY, KATHERINE KEVILLE, KRISTEN MCCUMBEE, JOHN RICHARD SLAUGHTER, SCOTT SWIECICKI, AND LORETTA WOODS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPD MYRTLE LLC, D/B/A LOCAL ON THE WATER, MICHAEL DESIMONE, individually, ADAM DESIMONE, individually, PATRICK DESIMONE, individually, JASON DAVIS, individually, AMANDA RYAN, individually, AND DEBBIE RICE, individually,<br><br>Defendants. | Civil Action No. 4:23-cv-00162-JD |

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS CASE WITH PREJUDICE

Plaintiffs Brittany Causey, Shawn Smith, Leslie Almond Jr., Shainna Beasley, Victoria Bellamy, Harry Cave, Amber James, Caroline Jones, Erica Kelly, Katherine Keville, Kristen McCumbee, John Richard Slaugher, Scott Swiecicki, and Loretta Woods ("Plaintiffs") and Defendants AMPD Myrtle LLC, Michael DeSimone, Adam DeSimone, Patrick DeSimone, Jason Davis, Amanda Ryan, and Debbie Rice ("Defendants"), by and through their respective undersigned counsel and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, hereby submit this Joint Motion to Approve Settlement and Dismiss Case With Prejudice. In support of this Joint Motion, the Parties respectfully state as follows:

1.  Plaintiffs have asserted claims against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and South Carolina Payment of Wages Act ("SCPWA"). (*See* ECF No. 5 (Plaintiffs' First Amended Complaint)). Specifically, Plaintiffs assert that that they were not paid proper wages related to Defendant AMPD Myrtle LLC's tip pool and worked in violation of the 80/20 rule and are therefore owed wages (including overtime compensation) for such time.

2.  Defendants deny that they failed to pay Plaintiffs any legally required wages or that they otherwise violated the FLSA or SCPWA as to Plaintiffs or other allegedly similarly situated workers they seek to represent. Defendants have asserted various defenses in their Answer to Plaintiffs' Amended Complaint (*see* ECF No. 7), including (among others) that (1) Plaintiffs were at all relevant times paid all wages due under the FLSA and SCPWA; and (2) Defendants, at all times, acted in good faith to comply with the FLSA and SCPWA, and with a lack of willfulness or intent to violate the FLSA. Defendants also expressly denied that Plaintiffs are similarly situated to the other persons whom they seek to represent under the requirements for a collective action pursuant to Section 216(b) of the FLSA.

3.  Notwithstanding the Parties' disagreement over the merits of Plaintiffs' allegations, the Parties engaged in settlement discussions through their respective counsel and during the mediation process. In engaging in these settlement discussions, Defendants produced information to Plaintiffs relating to Plaintiffs' gross pay, regular hours worked, overtime hours and pay, and tipped amounts. After reviewing this data, which allowed both Parties the opportunity to assess and calculate the potential damages in this case, the Parties were able to reach a resolution.

4.  The Parties' counsel each respectively has significant experience litigating FLSA collective action cases. In an effort to resolve Plaintiffs' claims without incurring additional fees

and expenses, and without admitting any liability, the Parties reached a settlement during mediation held on June 8, 2023, whereby Plaintiffs agreed to release any and all claims arising out of their employment that were asserted, or that could have been asserted in the litigation related to their compensation during their employment with Defendant AMPD Myrtle LLC, including all claims arising under federal and state law. Based on this settlement, Plaintiffs have agreed to dismiss their lawsuit with prejudice.

5.  The Parties have prepared, and Plaintiffs have already executed, a written Settlement Agreement ("Settlement Agreement") that memorializes the terms of their settlement, which is contingent upon approval of the Court. The Parties have agreed to keep the terms of their Settlement Agreement confidential. A copy of the Settlement Agreement is being submitted for *in camera* review.

6.  Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*.

7.  As discussed above, whether Plaintiffs are entitled to compensation or damages for their alleged claims is disputed by the Parties. The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and to stipulate the dismissal of the action with prejudice. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and equitable resolution of their bona fide dispute and a full and final settlement of Plaintiffs' lawsuit.

8.     Plaintiffs are receiving an amount in excess of their calculated lost wages for alleged under-payments as calculated by Plaintiffs' counsel. To determine Plaintiffs' damages, Plaintiffs' counsel reviewed the data produced by Defendants, and calculated the hourly rate and overtime amounts due Plaintiffs based on their actual hours worked.

9.     The Parties' settlement also contains a component of attorney's fees and costs. To the extent the Court wishes to determine the reasonableness of these fees and costs, Plaintiffs' counsel avers that they are reasonable. Plaintiffs' counsel attorney's fees are $20,415.81 and the costs associated with the case are $2,742.35 for a total of fees and costs of $23,158.16. Plaintiffs' counsel represented fourteen different Plaintiffs in this case and took considerable time from his practice to litigate this matter. Further, wage cases of this kind are difficult cases and require an experienced wage and hour attorney to litigate them. Plaintiffs' counsel has litigated numerous employment law and wage and hour cases over the years in the SC Federal District Court. Plaintiffs' counsel fees in this case are less than twenty three percent of the total settlement amount of $90,000.00 which is well below standard attorney's fees in similar cases and clearly reasonable for the Plaintiffs. The attorney fees and costs amounts set forth in the Settlement Agreement are reasonable fees and costs.

10.    Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate based on the risks of loss each party faces considering the existing law and any reasonable arguments for extension thereof. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties.

11.     Plaintiffs have not sought conditional certification of a collective action pursuant to Section 216(b) of the FLSA. The Parties' Settlement Agreement resolves Plaintiffs' individual claims and will not affect the rights of any other individuals.

12.     The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential and, accordingly, would prefer that the actual agreement not appear on the docket as a public record. To that end, a copy of the Settlement Agreement is being emailed directly to Chambers for this Court's confidential review. The Parties respectfully request this Court conduct a confidential *in camera* review.

13.     In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement they reached in this matter and stipulate to the dismissal of this action with prejudice.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the terms of the Parties' Settlement Agreement, dismissing this action in its entirety with prejudice, and retaining jurisdiction, as necessary, to enforce the settlement. A Proposed Order is being contemporaneously submitted for the Court's consideration.

Respectfully submitted this 6th day of October 2023.

| | |
|---|---|
| **LAW OFFICE OF WILLIAM J. LUSE, INC.** | **LITTLER MENDELSON, PC** |
| By: *s/ William J. Luse* <br> Federal Bar No. 9736 <br> LAW OFFICE OF WILLIAM J. LUSE, INC. <br> 917 Broadway Street <br> Myrtle Beach, SC 29577 <br> Telephone: 843-839-4795 <br> bill@getlusenow.com | By: *s/ Benjamin T. Hepner* <br> Benjamin T. Hepner, Bar No. 13250 <br> LITTLER MENDELSON P.C. <br> 110 E. Court Street, Suite 201 <br> Greenville, SC 29601 <br> Telephone: 864-775-3190 <br> bhepner@littler.com |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |