UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRITTANY CAUSEY, SHAWN SMITH, LESLIE ALMOND JR., SHAINNA BEASLEY, VICTORIA BELLAMY, HARRY CAVE, AMBER JAMES, CAROLINE JONES, ERICA KELLY, KATHERINE KEVILLE, KRISTEN MCCUMBEE, JOHN RICHARD SLAUGHTER, SCOTT SWIECICKI, AND LORETTA WOODS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPD MYRTLE LLC, D/B/A LOCAL ON THE WATER, MICHAEL DESIMONE, individually, ADAM DESIMONE, individually, PATRICK DESIMONE, individually, JASON DAVIS, individually, AMANDA RYAN, individually, AND DEBBIE RICE, individually,<br><br>Defendants. | Civil Action No: 4:23-cv-00162-JD<br><br>**ORDER APPROVING SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |

This matter is before the Court on a Joint Motion for Approval of Fair Labor Standards Act Settlement. (DE 25.) The attorneys for Plaintiffs Brittany Causey, Shawn Smith, Leslie Almond Jr., Shainna Beasley, Victoria Bellamy, Harry Cave, Amber James, Caroline Jones, Erica Kelly, Katherine Keville, Kristen McCumbee, John Richard Slaugher, Scott Swiecicki, and Loretta Woods ("Plaintiffs"), and Defendants AMPD Myrtle LLC, Michael DeSimone, Adam DeSimone, Patrick DeSimone, Jason Davis, Amanda Ryan, and Debbie Rice ("Defendants"), request approval of the settlement reached between the Parties.

1

Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the South Carolina Payment of Wages Act ("SCPWA"). Plaintiffs assert that they were not paid proper wages related to Defendant AMPD Myrtle LLC's tip pool and worked in violation of the 80/20 rule and are therefore owed wages (including overtime compensation) for such time.

There are disputes between the Parties as to the underlying facts and law. Still, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty about liability and damages and the estimated future litigation costs.

The settlement of FLSA claims outside the context of Department of Labor-supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); Clark v. Ecolab Inc., 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc., 679 F.2d at 1354. The Court is guided by several factors to assess whether a settlement is fair and reasonable, specifically:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Weckesser v. Knight Enterprises S.E., LLC, 402 F. Supp. 3d 302, 305 (D.S.C. 2019) (citations omitted); see also Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation), 927 F.2d 155,

158 (4th Cir. 1991), Flinn v. FMC Corp., 528 F.2d 1169,1173 (4th Cir. 1975), Lynn's Food Stores, Inc., 679 F.2d 1350.

To satisfy the above factors, the Parties filed a document titled Supplemental Brief in Support of Joint Motion to Approve Settlement and Dismiss Case with Prejudice (DE 29). After due consideration and inquiry into the circumstances of the proposed settlement of Plaintiffs' FLSA claim against Defendants, the Court finds and concludes that, here, the proposed settlement meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. The Court finds and concludes that the proposed settlement is fair and reasonable and in the best interest of the Parties. The Court further finds the settlement to have been reached in good faith.

Based on the Parties' joint request to approve the settlement, the Court approves the settlement as requested by the Parties and dismisses this action without prejudice to allow the Parties to consummate the settlement. The Parties may, but are not required to, file a stipulation of dismissal with prejudice after the settlement has been consummated.

**AND IT IS ORDERED**.

*Joseph Dawson, III*
United States District Judge

December 1, 2023
Florence, South Carolina